IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02117-BNB

BEKELE HAILU ROBI,

    Plaintiff,

v.

MICRO SOFT CORPORATE OFFICE HQ,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Bekele Hailu Robi, initiated this action by filing *pro se* a civil complaint. In the Complaint, Plaintiff alleged that Microsoft stole his intellectual property through the use of the internet bonding system and that the storage of such information in the Microsoft internal storage is theft. Plaintiff requested 71.788 billion dollars as relief. On August 11, 2014, Magistrate Judge Boland directed Plaintiff to amend the Complaint in compliance with Fed. R. Civ. P. 8. Specifically, Plaintiff was told to state the basis for jurisdiction, why the information that allegedly was stolen should be considered intellectual property, and how Microsoft has used the information to his detriment. Plaintiff filed an Amended Complaint on September 10, 2014.

    The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court can not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of subject matter jurisdiction.

    There are two statutory bases for federal subject matter jurisdiction: federal

question jurisdiction under 28 U.S.C. § 1331, ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), and diversity jurisdiction under 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . .")

Plaintiff must allege jurisdiction's existence, *see Cameron v. Hodges*, 127 U.S. 322 (1888), and has the burden of establishing subject matter jurisdiction, *see Cameron v. Hodges, 127 U.S. 322 (1888)*, *see also, Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

In the Jurisdiction section of the Amended Complaint, Plaintiff states, "(1) The Plaintiff resides in the City and County of Denver, CO[,] United States of America[;] (2) The Defendant resides in the City and County of Redmond, WA[,] United States of America[;] and (3) Defendant is a Corporation that resides in the United States of America." Plaintiff does not cite to 28 U.S.C. § 1332 as the statutory basis for the Court's subject matter jurisdiction, but it appears he is asserting diversity jurisdiction because Defendant is a citizen of a different state.

The Court, therefore, will consider whether subject matter jurisdiction is appropriate under § 1332. In relevant part, § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy

exceeds the sum of $75,000 . . . ."

The Court finds that on its face the Complaint does not satisfy the amount-in-controversy requirement for diversity jurisdiction. The United States Supreme Court has held that, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269 (10th Cir. 1998) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938) (footnote omitted)). "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of the World Life Ins. Soc'y. V. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). The sum demanded in good faith in the initial pleading is deemed to be the amount in controversy. 28 U.S.C. § 1446(c).

> A plaintiff's allegations in the complaint alone can be sufficient to make this showing. Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor.

*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (citation and quotation marks omitted).

In the original Complaint, Plaintiff asserts he has based his 71 billion dollar claim for damages on Microsoft's "income received before income taxes in the year(s) 2012 and 2013 . . . & also based on a projected 2014 cumulative total, of an estimated unearned revenue for the following calendar year . . . ." Compl., ECF No. 1, at 12. In the Amended Complaint, Plaintiff's request for relief is that "*all Rights in Stolen Property* be returned back to Hailu B. Robi. Include a relief of three times the amount of the actual damage sustained." Am. Comp. at 4.

Plaintiff does not base his 71 billion dollar damages request on the amount in

controversy for the alleged theft of his intellectual property. Rather, he bases his request on Microsoft's ability to pay and income before taxes during a certain period of time from 2012 to 2013. In the Amended Complaint, Plaintiff's request for punitive damages likewise is not based on an amount in controversy. Plaintiff, in a vague and conclusory manner, states he wants three times the amount of actual damages. He does not state what the amount would be and provides no factual support for the amount of the damages in the Complaint. The Court is unable to evaluate the amount in controversy. Plaintiff's claim for amount in controversy, therefore, is not made in good faith, and Plaintiff has failed to meet the burden of establishing subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Although Plaintiff has not asserted any other basis for jurisdiction, the Court construes the Complaint liberally and will address possible jurisdiction under 28 U.S.C. § 1331.

On Page Three of the Amended Complaint, Plaintiff states, "[v]iolating Hailu B. Robi's Fifth Amendment right; to protection against deprivation of property without just compensation for his property." Am. Compl., ECF No. 7, at 3. If Plaintiff is attempting to assert jurisdiction under the United States Constitution, his claim lacks merit and the Court finds no basis for jurisdiction under § 1331. "[T]he Fifth Amendment limits only the conduct of government officials" and does not apply to private parties. *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (Fifth Amendment applies to and restrict on the federal government and not private persons). Plaintiff does not name a member of the federal government as a defendant and does not make any allegations against a federal government actor. Plaintiff fails to state a plausible Fifth Amendment

4

claim and, therefore, is unable to assert proper jurisdiction under 28 U.S.C. § 1331.

Finally, in both the Amended Complaint and the original Complaint, Plaintiff asserts that Microsoft has stolen his intellectual property by using integrated software in its Windows operating system(s)/program feature(s), and stealing his Integrated System-Interface otherwise called the IBS (Internet Bonding System(s)). Plaintiff further states that Microsoft added his "idea" to their new Interface, by installing updates to the internal storage in Windows Software. Plaintiff also in the original Complaint attaches copies of federal statutes that appear to pertain to copyright law, but he does not state with any clarity that he is filing his claims pursuant to any of the statutes. If Plaintiff intends to assert a copyright violation he must assert "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original," *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (quoting *Feist Publ'ns, Inc. V. Rural Tel. Serv. Co., Inc*, 499 U.S. 340, 361 (1991)) (internal quotations omitted), which he has not done.

Finally, to the extent that Plaintiff is seeking civil remedies due to a violation of a federal criminal statute that provides for a civil remedy, he fails to assert that Microsoft has been found to violate a criminal statute that provides for such civil remedies.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The issue of subject matter jurisdiction may be raised sua sponte by a court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because Plaintiff fails to assert jurisdiction under either 28 U.S.C. § 1331 or § 1332, the action will be dismissed for lack of subject matter jurisdiction.

Finally, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of  September , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court